IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAVAUN JOHNSON,

        Plaintiff,

    v.                                   Civil Action No. 3:24CV375

CORRECTIONAL OFFICER A. BENNY, *et al.*,

        Defendants.

## MEMORANDUM OPINION

Javaun Johnson ("Plaintiff"), a federal inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to *Bivens*.[1] The action proceeds upon the Particularized Complaint. (ECF No. 15.) Plaintiff names as defendants: Correctional Officer Aaron Benny, Correctional Officer Kateline Major, Lieutenant Akili Johnson, and two John Does. (*Id.* at 1.)[2] The matter is before the Court on the Motions to Dismiss filed by Defendants Major, Johnson, Benny, (ECF Nos. 35, 41), and the Court's responsibility to screen actions pursuant 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court has provided Plaintiff with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF Nos. 37, 43.) Plaintiff has responded. (ECF No. 44.) For the reasons set forth below, the Motions to Dismiss will be GRANTED and the action will be DISMISSED.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] The Court employs the spelling of Defendants' names from the Motions to Dismiss. (ECF No. 35, at 1; ECF No. 41, at 1.) The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

## I.  Standard of Review

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the

Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting

jurisdiction, to prove that federal jurisdiction is proper. *Int'l Longshoremen's Ass'n v. Va. Int'l*

*Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors*

*Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.

1982)).  Relevant here, a Rule 12(b)(1) motion may attack the petition on its face, asserting that

the petition fails to state a claim upon which subject matter jurisdiction can lie. *Id.* (citing

*Adams*, 697 F.2d at 1219).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true, and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980

F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering

a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  Allegations and Claims in the Particularized Complaint

At all times relevant to this action, Plaintiff was a prisoner in the Federal Correctional Complex in Petersburg, Virginia. (ECF No. 15, at 1.)  According to Plaintiff, on April 8, 2024, Correctional Officer Benny used excessive force against his person by "slamming a steel door on [his] face and slamming [his] face against a wall as well as attempting to break his arm." (ECF No. 15, at 2.)  Plaintiff contends that Lieutenant Johnson and Correctional Officer Major did not

3

intervene and prevent Correctional Officer Benny for carrying out his assault. (ECF No. 15, at 2.) Johnson contends that the foregoing actions violated his rights under the Eighth Amendment.[3]

### III. Analysis

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Specifically, the Supreme Court "broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." *Hernandez v. Mesa*, 589 U.S. 93, 99 (2020). The Supreme Court explained that although "the Fourth Amendment does not provide for money damages 'in so many words,'" the court could nevertheless "authorize a remedy under general principles of federal jurisdiction." *Ziglar v. Abbassi*, 582 U.S. 120, 131 (2017) (quoting *Bivens*, 403 U.S. at 392, 396)). In the following decade, the Supreme Court recognized only two additional contexts, or implied causes of action, in which an individual could pursue a claim for monetary damages against federal officials for constitutional violations. *Id.* The Supreme Court has explained:

> In *Davis v. Passman*, 442 U.S. 228, (1979), an administrative assistant sued a Congressman for firing her because she was a woman. The Court held that the Fifth Amendment Due Process Clause gave her a damages remedy for gender discrimination. *Id.* at 248–249. And in *Carlson v. Green*, 446 U.S. 14 (1980), a prisoner's estate sued federal jailers for failing to treat the prisoner's asthma. The Court held that the Eighth Amendment Cruel and Unusual Punishments Clause gave him a damages remedy for failure to provide adequate medical treatment. *See id.*, at 19. These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

*Id.* (parallel citations omitted). As recently explained by the United States Court of Appeals for the Fourth Circuit:

> Though it initially described *Bivens* broadly as establishing that "the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right," *Carlson*, 446 U.S. at 18, in the 43 years since *Carlson*, the Court has "consistently rebuffed" requests to expand implied *Bivens* actions. *Hernandez v. Mesa*, 140 S. Ct. at 735, 743 (2020); *see also Egbert v. Boule*, 142, S. Ct. 1793, 1799 (2022). In the last five years alone, the Court has scaled back *Bivens* significantly, delivering a trilogy of opinions expressing opposition toward any expansion of *Bivens* actions. *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (noting that "expanding the *Bivens* remedy is now considered a disfavored judicial activity" (internal quotation marks omitted)); *Hernandez*, 140 S. Ct. at 742–43 (noting that if "the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that we would have reached the same result" (alterations in original) (internal quotation marks omitted)); *Egbert*, 142 S. Ct. at 1802 ("Now long past the heady days in which this Court assumed common-law powers to create causes of action [as in *Bivens*], we have come to appreciate more fully the tension between judicially created causes of action and the Constitution's separation of legislative and judicial power." (internal quotation marks and citations omitted)).

*Bulger v. Hurwitz*, 62 F.4th 127, 136 (4th Cir. 2023) (alterations and omission in original) (parallel citations omitted). Thus, "the Supreme Court all but closed the door on *Bivens* remedies." *Dyer v. Smith*, 56 4th 271, 277 (4th Cir. 2022) (citing *Egbert*, 596 U.S. at 504 (Gorsich, J. concurring)). However, instead of overruling *Bivens*, the Supreme Court has elected "to severely limit" its reach "by imposing a highly restrictive two-step analysis" that district court's must follow. *Bulger*, 62 F.at 136–37 (citing *Hernandez*, 589 U.S. at 102).

First, "a court must determine whether a claim falls within the causes of action authorized under the Supreme Court's three *Bivens* cases -- *Bivens*, *Davis*, and *Carlson* -- or whether it 'arises in a new context' or involves a 'new category of defendants.'" *Id.* (some quotation marks omitted) (quoting *Hernandez*, 589 U.S. at 102).[4] "If the case is different in a meaningful way

---

[4] "If the context is not new . . . then a *Bivens* remedy continues to be available." *Tun-Cons v. Perrotte*, 922 F.3d 514, 522–23 (4th Cir. 2019).

from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Ziglar*, 582 U.S. 139. If the context is "new," then the court must "'proceed to the second step and ask whether there are any special factors that counsel hesitation about granting the extension' of *Bivens*." *Bulger*, 62 F.4th at 137 (some quotation marks omitted) (quoting *Hernandez*, 589 U.S. at 102).

This year, the Supreme Court reversed the Fourth Circuit and concluded Eighth Amendment excessive force claims constitute "a new context, and 'special factors' counsel against recognizing an implied *Bivens* cause of action for Eighth Amendment excessive-force violations." *Goldey v. Fields*, 606 U.S. 942, 944 (2025). Thus, *Bivens* is not a cognizable remedy for Plaintiff's claims. Accordingly, the Motions to Dismiss (ECF Nos. 37, 43) will be GRANTED.

### IV. Conclusion

For the foregoing reasons, the Motions to Dismiss (ECF No. 37, 43) will be GRANTED. Plaintiff's claims and the action will be DISMISSED. The action will be DISMISSED for failure to state a claim and as legally frivolous. Plaintiff's Motion for Video and Discovery Evidence (ECF No. 29) and Motion for a Hearing (ECF No. 45) will be DENIED.

An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 11/18/2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge